IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HENRY MORGAN SMITH and DESIREE SMITH,**

    Plaintiffs,

v.                                                             Case No. 1:09-cv-26 LH/DJS

**BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF CHAVES, NEW MEXICO, et al.,**

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiffs' "Motion to Appoint Counsel" [Doc. 88], filed October 6, 2010. For the reasons stated below, the Court concludes the motion is not well-taken and should be denied at this time.

Plaintiffs filed this case on January 12, 2009, asserting that various of their constitutional rights, state and federal, were violated when Chaves County Sheriff's deputies entered their property and seized a gun allegedly belonging to Mrs. Smith. Plaintiffs were granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d). [Doc. 3.] They now move for appointment of counsel. As grounds for the appointment of counsel, Plaintiffs state they "are not learned attorney's [sic] and given the complexity of the case a learned attorney would know how best to proceed in this court." [Doc. 88 at 2.] They also state that they have contacted several attorneys interested in taking the case, but who require a retainer fee that Plaintiffs are unable to afford. Defendants do not oppose the request to appoint counsel. [Doc. 92.]

Under 18 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." Appointing counsel under 28 U.S.C. § 1915(e) is a matter within the

district court's discretion.  *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Id.* at 838.  Denial of the appointment of counsel is an abuse of discretion only in extreme cases "where the lack of counsel results in fundamental unfairness."  *Id.* at 839.  Factors the Court should evaluate in connection with a request to appoint counsel include "the merits of [the] claims, the nature and complexity of the factual and legal issues, and the [applicant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergerman*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court has reviewed the pleadings in light of the foregoing factors.  Furthermore, the Court is familiar with the history of this case, the issues, and the litigants, having conducted a number of conferences with them.  The Court is not at this time persuaded that Plaintiffs' claims are sufficiently complex to warrant appointment of counsel, nor is the Court persuaded that Plaintiffs are unable to investigate or prosecute the case without the assistance of counsel.

The Court suggests, if they have not done so already, that Plaintiffs inquire with the State Bar of New Mexico, which sponsors several programs and may provide information regarding consultations, referrals, and free or low-cost legal services.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel is **DENIED.**

_____
DON J. SVET
United States Magistrate Judge