THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY MORGAN SMITH,
DESIREE SMITH,

      Plaintiffs

v.                                                                                    No. Civ. 09-026 LH/DJS

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CHAVES, NEW
MEXICO, COMMISSIONER MICHAEL
TRUJILLO, individually and in official capacity;
COMMISSIONER KIM CHESSER, individually
and in official capacity; COMMISSIONER
KYLE D. WOOTEN, individually and in official
capacity; RICHARD C. TAYLOR, individually
and in official capacity; GREG NIBERT,
individually and in official capacity; CHAVES
COUNTY SHERIFF JAMES COON, individually
and in official capacity; CHAVES COUNTY
DEPUTY BARRY DIXON, individually
and in official capacity; CHAVES COUNTY
DEPUTY SHANE BAKER, individually and in official
capacity; CHAVES COUNTY DEPUTY JAMES
MASON, individually and in official capacity; CHAVES
COUNTY DEPUTY JASON TUTOR, individually
and in official capacity; and CHAVES COUNTY
DEPUTY SCOTT OUILLETTE, individually and
in official capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Plaintiffs' Motion to Reconsider Decision (Doc. 85) and on Plaintiffs' Motion for Reconsideration and Rehearing Verdict on August 23, 2010 (Doc. 86). The Court, having considered the pleadings, briefs, arguments, applicable law, and otherwise being fully advised, concludes that the motions should be denied.

      On August 19, 2009, Defendants filed a Motion to Dismiss on the Basis of Qualified

Immunity and on Other Grounds (Doc. 50) in which they argued that Plaintiffs' claims should be dismissed because they did not violate Plaintiffs' rights and were entitled to qualified immunity. In this Court's February 10, 2010 Memorandum Opinion and Order, the Court dismissed Plaintiffs' Fourth Amendment unlawful entry claims and Plaintiffs' claims brought under the Fifth Amendment (Count II), the Fourteenth Amendment (Count III), 42 U.S.C. § 1985 (Count IV), the New Mexico Tort Claims Act (Count V), and the Second Amendment (Count VI). The Court, however, denied Defendants' request to dismiss Plaintiffs' Fourth Amendment claims for unlawful detention or arrest, unlawful seizure of the firearm, and excessive force against the deputy defendants. With regard to Plaintiffs' supervisory and municipal liability claims against the Board, the Commissioners, and Sheriff Coon, the Court dismissed the claims to the extent they relied on the ratification theory but allowed them to proceed on the failure-to-train and failure-to-supervise theories.

On February 24, 2010, Defendants filed another motion to dismiss (Doc. 71), seeking the dismissal of all remaining claims and asking this Court to reconsider its previous refusal to dismiss the unlawful seizure, failure to train, and failure to supervise claims. On August 23, 2010, this Court entered a Memorandum Opinion and Order granting in part Defendants' motion to dismiss and reconsider. The Court granted Defendants' request to dismiss Plaintiffs' Fourth Amendment claims for unlawful detention or arrest and excessive force and Plaintiffs' supervisory and municipal liability claims. The Court, however, denied Defendants' request to dismiss Plaintiffs' Fourth Amendment claims for unlawful seizure of the firearm. The Court dismissed all defendants from the case except Defendants Barry Dixon, Shane Baker, James Mason, Jason Tutor, and Scott Ouillette in their individual capacities.

Plaintiffs now request reconsideration of the Court's August 23, 2010 Memorandum Opinion

and Order. The Court has already considered the claims alleged in the Amended Complaint on two different occasions. Plaintiffs' current motions brings that total to three. Plaintiffs, in their motions, ask the Court to consider new facts not pled in the Amended Complaint. In ruling on the prior motions to dismiss, the Court properly restricted its analysis to the facts as alleged by Plaintiffs in their own complaint. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177-78 (10th Cir. 2007). The Court finds no new grounds sufficient to justify altering its August 23, 2010 Memorandum Opinion and Order. For the reasons stated therein, the Court will deny Plaintiffs' motions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider Decision (**Doc. 85**) and Plaintiffs' Motion for Reconsideration and Rehearing Verdict on August 23, 2010 (**Doc. 86**) are **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE