# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HENRY MORGAN SMITH and DESIREE
SMITH,

      **Plaintiffs,**

v.                                          **Case No. 1:09-cv-26 LH/DJS**

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CHAVES, NEW
MEXICO, et al.,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants' *Motion to Compel Discovery* [Doc. 115], filed February 3, 2011.  Plaintiffs have not responded to the motion.  Having reviewed the motion, its exhibits, and the applicable law, the Court will grant in part and deny in part Defendants' motion to compel.

### I.  Discussion

**A.**     **Legal Standards**

The Court views discovery requests with the liberality contemplated by the federal rules. Modern instruments of discovery are designed to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble, Co.*, 356 U.S. 677, 682 (1958).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]  Fed.R.Civ.P. 26(b)(1).  Regarding interrogatories, the Federal Rules state that "[e]ach interrogatory must, to the

extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P. 33(b)(3).

**B.**     **Defendants' Motion to Compel**

Defendants served interrogatories on Plaintiffs on November 24, 2010.  After a reminder from defense counsel that a response was overdue, Plaintiffs answered the interrogatories on January 17, 2011.  Plaintiffs did not provide a signed verification with their answers.  Furthermore, Defendants believed that several of the answers were inadequate and sent a letter to Plaintiffs on January 19, 2011 describing the purported deficiencies.  [Doc. 115-1 at 1–2.]  Plaintiffs did not respond to the letter.

Defendants argue that Plaintiffs' answers to Interrogatories 4, 8–11, and 13–18 are non-responsive, and that the answer to Interrogatory 19 is incomplete.  They request the Court compel Plaintiffs to answer fully and completely.

**C.**     **Analysis**

Plaintiffs did not make timely objections to the interrogatories; thus objections if any are waived. Fed.R.Civ.P. 33(b)(4).  Plaintiffs are therefore required to answer each interrogatory fully and under oath.  *Id.* 33(b)(3).

Interrogatory No. 4

Plaintiffs are requested to state whether they have been parties to any civil or criminal lawsuits, or filed any insurance or administrative claims, and if so, to list them, state the nature, date, place, insurance carrier, opposing party, and disposition.  Plaintiffs responded that there are several, but instead of identifying the suits or claims, Plaintiffs instruct Defendants to "check with New Mexico Courts.com."  [Doc. 115-2 at 7.]

Plaintiffs' answer to Interrogatory No. 4 is evasive and incomplete. Plaintiffs may not refer Defendants to outside sources to obtain the answer to the interrogatory. The motion to compel is granted with respect to Interrogatory No. 4.

Interrogatory No. 8

Plaintiffs are requested to state in detail each expense they or anyone else has incurred and that they claim they are entitled to recover as damages in this case. They are requested to provide the date, amount, and reason for each expense, and to whom it is owed. Plaintiffs responded that they have incurred "attorneys fees to be set by Court to pro se case." [Doc. 115-2 at 11.]

Plaintiffs have failed to answer Interrogatory No. 8. Furthermore, the answer provided—attorney's fees—is likely false. Plaintiffs previously have represented to the Court that they are indigent and unable to afford an attorney. [Docs. 2, 88.] Thus, it is unlikely they have incurred the expense of attorney's fees. The motion to compel is granted with respect to Interrogatory No. 8.

Interrogatory No. 9

Plaintiffs are requested to describe each and every item for which they claim monetary damage, the amount of each claim, and the basis. Plaintiffs responded by listing four items: (1) the weapon; (2) "all other damages to be set by jury"; (3) "punitive damages - set by jury statutory"; and (4) "legal cost to be set by judge." [Doc. 115-2 at 12.]

The answer is incomplete. It does not list amounts. The motion to compel is granted with respect to Interrogatory No. 9.

Interrogatory No. 10

Plaintiffs are requested to state with specificity each and every effort they made to obtain personal property confiscated by Defendant.  Plaintiffs responded that they "made unsuccessful trips to S.O. - no action."  [Doc. 115-2 at 13.]

The answer is incomplete and evasive.  It states generally that Plaintiffs made trips, but does not state where, when, or why.  The motion to compel is granted with respect to Interrogatory No. 10.

Interrogatory No. 11

Plaintiffs are requested to provide their entire criminal history complete with dates, locations, captions, sentences imposed, and other information.  Plaintiffs respond that the information is "available to Defendants as they are law enforcement and have acc [sic] to this info."  [Doc. 115-2 at 14.]

Plaintiffs have wholly failed to answer.  The motion to compel is granted with respect to Interrogatory No. 11.

Interrogatories 13 – 18

Plaintiffs are requested to describe with specificity all actions taken by Defendants Barry Dixon (Interrogatory No. 13), Shane Baker (Interrogatory No. 14), James Mason (Interrogatory No. 15), Jason Tutor (Interrogatory 16), Scott Oullette (Interrogatory No. 17), and Barry Dixon (Interrogatory No. 18), which they claim violated their constitutional rights.

Plaintiffs answered Interrogatories 13, 14, 16, and 17 as follows: "What deputy - done what? This was answered by Judge. As he was part of the night in question."  [Doc. 115-2 at 16, 17, 19, 20.]  Plaintiffs have failed to answer.  The motion to compel is granted with respect to Interrogatories 13, 14, 16, and 17.

The motion to compel is denied as to Interrogatory No. 15 (James Mason).  Plaintiffs answered as follows:  "He filled out incident report and was the main talker.  Filed a false report.  Only deputy personally know."  [Doc. 115-2 at 18.]  The Court finds the answer sufficiently responsive.  The motion to compel is also denied as to Interrogatory 18 because it is duplicative of Interrogatory 13.

Interrogatory No. 19

Plaintiffs are requested to list all pharmacies where they had any prescription filled for any reason for the past five years.  Plaintiffs answered "Walgreens" and "K-Mart."  Defendants argue the answer is incomplete because Plaintiffs failed to provide addresses for the pharmacies.

The interrogatory does not request addresses.  Therefore, the motion to compel is denied as to Interrogatory No. 19.

IT IS THEREFORE ORDERED that the motion to compel is granted as to Interrogatories 4, 8, 9, 10, 11, 13, 14, 16, and 17.  Within ten (10) days of this Order, Plaintiffs shall answer these interrogatories in writing, fully and under oath.

IT IS FURTHER ORDERED that the motion to compel is denied as to Interrogatories 15, 18, and 19.

_____
DON J. SVET
**United States Magistrate Judge**