THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY MORGAN SMITH,
DESIREE SMITH,

      Plaintiffs

v.                                                                                         No. Civ. 09-026 LH/DJS

CHAVES COUNTY DEPUTY BARRY DIXON,
individually and in official capacity; CHAVES COUNTY
DEPUTY SHANE BAKER, individually and in official
capacity; CHAVES COUNTY DEPUTY JAMES
MASON, individually and in official capacity; CHAVES
COUNTY DEPUTY JASON TUTOR, individually
and in official capacity; and CHAVES COUNTY
DEPUTY SCOTT OUILLETTE, individually and
in official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On April 29, 2011, Defendants Barry Dixon, Shane Baker, Jason Tutor, Scott Ouillette, and James Mason ("Defendants") filed a Motion to Dismiss for Failure to Comply with Discovery Order (Doc. 132). The Court, having considered the motion, briefs, evidence, relevant law, and otherwise being fully advised, finds that the motion to dismiss should be denied because the extreme sanction of dismissal would not serve the interests of justice. The Court also finds, however, that Plaintiffs have not fully complied with the Court's March 21, 2011 Memorandum Opinion and Order and will therefore order Plaintiffs to fully comply with that Order as described herein.

**I.    BACKGROUND**

Defendants served interrogatories on Plaintiffs on November 24, 2010. (Mem. Op. and Order (Doc. 123) at 2.) Plaintiffs answered the interrogatories on January 17, 2011, but did not provide a signed verification with their answers. (*Id.*) On January 19, 2011, Defendants sent a letter

to Plaintiffs describing purported deficiencies in their answers, but Plaintiffs did not respond. (*Id.*) On February 3, 2011, Defendants filed a Motion to Compel Discovery (Doc. 115) to require Plaintiffs to more appropriately respond to various interrogatory requests. (*See id.* at 1-2.)

On March 21, 2011, the Honorable Judge Don J. Svet entered a Memorandum Opinion and Order (Doc. 123) granting in part and denying in part Defendants' motion to compel. (*Id.* at 1.) Specifically, the Court ordered that, within 10 days of the Order, Plaintiffs must answer Interrogatories 4, 8, 9, 10, 11, 13, 14, 16, and 17 in writing, fully, and under oath. (*Id.* at 5.)

Subsequently, Defendants received Plaintiffs' supplemental answers in response to the Court's Order. (*See* Defs.' Mot. to Dismiss (Doc. 132), Ex. B (Doc. 132-2).) Plaintiffs' supplemental answer was again not verified. (*See id.*) Defendants sent Plaintiffs a letter dated April 15, 2011, explaining deficiencies that Defendants believed the supplemental responses contained and requesting that Plaintiffs supplement their answers. (*See id.*, Ex. C (Doc. 132-3).)

Having not received a response from Plaintiffs, Defendants now move for dismissal of Plaintiffs' suit because of Plaintiffs' allegedly repeated failures to comply with discovery requests, including this Court's March 21, 2011 Memorandum Opinion and Order. Plaintiffs contend that the motion should be denied because they have answered each and every question to the best of their ability.

## II.   ANALYSIS

If a party fails to obey an order to provide discovery, the court may "issue further just orders," including an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal with prejudice for discovery violations, however, is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before choosing dismissal as a sanction, a court should consider the following

non-exhaustive list of factors: (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the party, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Id.* at 921.

Having reviewed Plaintiffs' supplemental answers, the Court finds that Plaintiffs did not fully comply with the Court's March 21, 2011 Memorandum Opinion and Order. Nevertheless, the degree of actual prejudice to Defendants and the amount of interference with the judicial process does not rise to a high enough degree to warrant the extreme sanction of dismissal of Plaintiffs' entire case. In response to this Court's Memorandum Opinion and Order, Plaintiffs submitted supplemental answers that provided additional information, and thus, the Court finds that Plaintiffs have made a good-faith attempt, albeit an incomplete one, to comply with the Court's Order. Moreover, the Court finds that lesser sanctions would better serve the interests of justice. The Court will detail below with what portions of the Court's March 21, 2011 Memorandum Opinion and Order Plaintiffs failed to comply fully, what more is required of Plaintiffs, and what lesser sanctions the Court will impose for the incomplete answers.

**Verification**

Federal Rule of Civil Procedure 33(b)(3) requires a party to answer each interrogatory "under oath." Rule 33 requires that all interrogatory answers, whether initial or supplemental, be signed under oath. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 466 (M.D. Fla. 2008). Although they signed their answers, Plaintiffs did not state that their supplemental responses were made under oath, and thus, truthful. Plaintiffs are therefore once again ordered to verify their supplemental responses to interrogatories, meaning that Plaintiffs must swear to the truthfulness of all their previous responses and any supplemental responses, under penalty of

perjury, and sign their responses and supplemental responses.  Plaintiffs must verify their responses and supplemental responses within 10 days of entry of this Order.  **Plaintiffs are also hereby notified that their failure to properly verify their responses, as herein ordered, may result in the severe sanction of dismissal of their entire suit.**

**Interrogatory No. 4**

Interrogatory 4 requests Plaintiffs to state whether they have been parties to any civil or criminal lawsuits, or whether they filed any insurance or administrative claims, and if so, to list them, state the nature, date, place, insurance carrier, opposing party, and disposition.  (Mem. Op. and Order (Doc. 123) at 2.)  In Plaintiffs' initial response, they stated that there are several and instructed Defendants to "check with New Mexico Courts.com."  (*Id.*)  This Court granted the motion to compel with respect to Interrogatory No. 4 because Plaintiffs may not refer Defendants to outside sources to obtain the answer.  (*Id.* at 2-3.)

In Plaintiffs' supplemental answers to Interrogatory No. 4, Mr. Smith and Mrs. Smith each listed 13 cases in which each had been involved.  (*See* Defs.' Mot. to Dismiss, Ex. B (Doc. 132-2) at 1-4.)  For each case, Plaintiffs provided a case number, identified the named parties, the date, and the resolution.  (*See id.*)  Although Plaintiffs failed to state the nature of each lawsuit, as required by this Court's Order, Plaintiffs did make a good-faith attempt to supplement their answer to Interrogatory No. 4.  This Court will therefore provide Plaintiffs one more opportunity to supplement their response to Interrogatory No. 4.  Within 10 days of the entry of this Order, Plaintiffs must state, under oath, the nature of each lawsuit they listed in response to Interrogatory No. 4.  In other words, Plaintiffs must give a brief description of what each of those prior lawsuits was about.  If Plaintiffs cannot in good faith remember what a particular case was about, Plaintiffs should so state.

**Interrogatory No. 8**

Defendants request Plaintiffs to state in "detail each expense you or anyone else has incurred on behalf of your claim that you are entitled to recover damages in this lawsuit, giving the date on which each expense was incurred, the amount of each such expense, to whom it is or was owed and the reason for such expense." (Defs.' Mot. to Compel Discovery, Ex. B (Doc. 115-2) at 11.) Plaintiffs' initial response stated "attorneys fees to be set by Court to pro se case." (*Id.*) The Court found this answer insufficient and likely false in light of Plaintiffs' prior representations that they were indigent and unable to afford an attorney. (*See* Mem. Op. and Order (Doc. 123) at 3.)

Plaintiffs subsequently supplemented their responses by again listing attorney fees as the only fees that they have incurred since the date of filing this suit. (*See* Defs.' Mot. to Dismiss, Ex. B (Doc. 132-2) at 4.) Plaintiffs further stated, "Since [Plaintiffs] are acting as attorneys in this case they were asking the court to pay reasonable fees that attorneys would have incurred which the Judge has denied so the question on paying the Plaintiffs for their time and expense is mute [sic]." (*Id.*) The Court construes this response to mean that Plaintiffs are no longer seeking attorney's fees.[1] Because Plaintiffs failed to list any other expense that they have or anyone else has incurred on behalf of their claims, as required by the Court's March 21, 2011 Memorandum Opinion and Order, Plaintiffs will be bound by their response and precluded from seeking any additional tangible expenses not already set forth in their interrogatory responses. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (stating that, when a party has failed to obey a discovery order, court may prohibit that party from supporting designated claims or from introducing designated matters in evidence).

**Interrogatory No. 9**

---

[1] Indeed, pro se litigants are not entitled to attorney's fees under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Defendants request that Plaintiffs describe each and every item for which they are claiming monetary damage, the amount of each claim, and the basis of each claim. (*See* Defs.' Mot. to Compel Discovery, Ex. B (Doc. 115-2) at 12.) Plaintiffs initially responded by listing the following: (1) the cost of the weapon, (2) "all other damages to be set by jury," (3) "punitive damages – set by jury statutory," and (4) "legal cost to be set by Judge." (*Id.*) The Court found the initial answer to be incomplete because it did not list amounts. (Mem. Op. and Order (Doc. 123) at 3.)

In response, Plaintiffs supplied additional information, but again, did not list any specific dollar amounts. (*See* Defs.' Mot. to Dismiss, Ex. B (Doc. 132-2) at 4-5.) Instead, as to the weapon, Plaintiffs stated that they seek damages for the weapon and case seized, but that the receipt for the weapon and case were destroyed in a home fire, so they do not have the receipt. (*Id.*, Ex. B (Doc. 132-2) at 4.) As for "jury" and punitive damages, Plaintiffs assert that they are seeking whatever amount the jury should set within its discretion. (*Id.*, Ex. B (Doc. 132-2) at 4-5). Finally, Plaintiffs state that, as to legal costs, "Judge Svet has already denied Pro-Se legal costs." (*Id.*, Ex. B (Doc. 132-2) at 5.)

On May 23, 2011, Plaintiffs filed their proposed Pretrial Order (Doc. 143). In the Pretrial Order, Plaintiffs explain further what compensatory damages they are seeking and state that they are seeking compensatory damages of $90,000.00 to each Plaintiff against each Defendant. (*See* Proposed Pretrial Order (Doc. 143) at 4-6.) Additionally, Plaintiffs seek punitive damages in the amount of $300,000.00 for each Plaintiff against Defendant James Mason and against Defendant Barry Dixon, and punitive damages in the amount of $100,000.00 for each Plaintiff against each of the other three defendants. (*Id.* at 5.) Finally, Plaintiffs assert that they are seeking a one-time reimbursement value of $369.00 for the firearm and $18.95 for the carrying case, including "treble damages for the weapon and the case." (*Id.* at 6.)

Plaintiffs are only entitled to damages that they prove at trial, and thus, it is their burden to prove the cost of the weapon. Defendants are entitled, through the discovery process, to know how Plaintiffs intend to prove the value of the weapon and what Plaintiffs believe that value is. Although Plaintiffs have indicated that they cannot prove the value of the weapon through its original receipt, that answer does not relieve Plaintiffs of their obligation to inform Defendants of what they intend to use at trial to prove the value of the weapon. Courts often accept evidence other than original receipts to establish the value of goods. Plaintiffs' supplemental answer regarding the firearm is therefore incomplete. Within 10 days of the entry of this Order, Plaintiffs must state, under oath, what they in good faith believe is the dollar value of the weapon and the evidentiary basis for that dollar value. Plaintiffs' failure to satisfy this Court's order may result in Plaintiffs being precluded from introducing any non-disclosed evidence of the value of the weapon at trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

As for Plaintiffs' claims for compensatory and punitive damages made in their proposed Pretrial Order, their assertions were not made under oath, as required by the discovery rules. The Court finds that, if Plaintiffs supplement their interrogatory responses with the information contained in their proposed Pretrial Order regarding compensatory and punitive damages, and they affirm that the supplemental response is true under penalty of perjury, the Court will find that Plaintiffs have satisfied Interrogatory No. 9. Plaintiffs' failure, however, to provide the bases for their claims of compensatory and punitive damages, under oath, may preclude them from introducing any such evidence at trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

**Interrogatory No. 10**

Defendants request that Plaintiffs state with specificity each and every effort they made to obtain personal property confiscated by Defendants. (Defs.' Mot. to Compel Discovery, Ex. B (Doc.

115-2) at 13.) Plaintiffs responded that they "made unsuccessful trips to S.O. - no action." (*Id.*) The Court found the answer incomplete and evasive because Plaintiffs did not state where, when, or why. (Mem. Op. and Order (Doc. 123) at 4.) Plaintiffs have supplemented their answer, indicating that they made three trips to the Sheriff's Office, listing the address where they went, and giving one firm date for the first trip and two additional estimated dates for the second and third trips. (*See* Defs.' Mot. to Dismiss, Ex. B (Doc. 132-2) at 5.) The Court finds that Plaintiffs' supplemental response to Interrogatory No. 10 will be sufficient as soon as Plaintiffs affirm that the response is true under penalty of perjury.

**Interrogatory No. 11**

Defendants request that Plaintiffs provide their entire criminal history, including all arrests, citations, and convictions, as well as dates, locations, captions, sentences imposed, and other information. (*See* Defs.' Mot. to Compel Discovery, Ex. B (Doc. 115-2) at 14.) Plaintiffs initially responded that the information is "available to Defendants as they are law enforcement and have acc [sic] to this info." (*Id.*) The Court granted the motion to compel regarding Interrogatory No. 11, finding that Plaintiffs wholly failed to answer. (Mem. Op. and Order (Doc. 123) at 4.)

Plaintiffs have since supplemented their answer, stating that Mrs. Smith has no criminal history and, "You now have the complete criminal history of Plaintiff Henry Smith in your file. This is the triple I report." (Defs.' Mot. to Dismiss, Ex. B (Doc. 132-2) at 6.) The Court understands Plaintiffs' response to mean that Mr. Smith's complete criminal history is reflected in the Triple I Report that has been produced in discovery. That report lists the offenses, dates, names of the agencies involved, dispositions, and confinements. The Court will therefore deem Plaintiffs' supplemental response to be sufficient as soon as Plaintiffs affirm that their response is true under penalty of perjury.

**Interrogatory Nos. 13, 14, 16, and 17**

Defendants request that Plaintiffs describe with specificity all actions taken by Defendants Barry Dixon (Interrogatory No. 13), Shane Baker (Interrogatory No. 14), Jason Tutor (Interrogatory No. 16), and Scott Ouillette (Interrogatory No. 17) that they claim violated their constitutional rights. (*See* Defs.' Mot. to Compel Discovery, Ex. B (Doc. 115-2) at 16-17, 19-20.) Plaintiffs initially answered as follows: "What deputy - done what? This was answered by Judge. As he was a part of the night in question." (*Id.*) The Court granted the motion to compel regarding Interrogatory Nos. 13, 14, 16, and 17. (Mem. Op. and Order (Doc. 123) at 4.)

Plaintiffs have since supplemented their answer, indicating that Defendants Barry Dixon, Shane Baker, Jason Tutor, and Scott Ouillette were the other four deputies "who had trespassed onto the plaintiff's property and committed what was alleged a home invasion and an armed robbery" and who "went next door to Plaintiffs Smith resident [sic] and to execute an invasion with no warrant and no authority and this did result in the filling out of falsified documents in their attempt to cover up their actions of violating Plaintiff Smiths civil rights." (Defs.' Mot. to Dismiss, Ex. B (Doc. 132-2) at 6-7.) The Court finds that Plaintiffs' supplemental responses to Interrogatory Nos. 13, 14, 16, and 17 will be sufficient as soon as Plaintiffs affirm that their responses are true under penalty of perjury.

**IT IS THEREFORE ORDERED** that

1. Defendants' Motion to Dismiss for Failure to Comply with Discovery Order (**Doc. 132**) is **DENIED**; and

2. Within **TEN (10) DAYS** of entry of this Order, Plaintiffs must do the following in writing in order to answer the interrogatories fully:

   a. Swear under penalty of perjury to the truthfulness of and sign their prior

      responses and any supplemental responses to the interrogatories;

b.    State, under oath, the nature of each lawsuit they listed in their prior supplemental response to Interrogatory No. 4, and if they cannot in good faith remember what a particular lawsuit was about, they should so state;

c.    State, under oath, what they in good faith believe is the dollar value of the weapon they have listed in response to Interrogatory No. 9 and the evidentiary basis for that dollar value; and

d.    State, under oath, what they in good faith believe is the dollar values for their claims for compensatory and punitive damages, including any evidentiary bases they intend to use to support such claims.

_____
SENIOR UNITED STATES DISTRICT JUDGE