IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY MORGAN SMITH
and DESIREE SMITH,

    Plaintiffs,

v.                                                          Case No. 1:09-cv-26 LH/DJS

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CHAVES, NEW
MEXICO, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' request for costs and attorneys' fees incurred in connection with preparing and filing the pretrial order for this case [Doc. 161], and on their *Amended Attorney's Affidavit of Fees* [Doc. 188]. Having previously determined that Defendants are entitled to an award of attorneys' fees as a sanction for Plaintiffs' conduct in this litigation [Doc. 187], the Court now considers the amount of the sanction.

**I.**    **BACKGROUND**

The Court has concluded that pro se Plaintiffs Henry and Desiree Smith engaged in sanctionable conduct in connection with the pretrial order for this case as described in the *Memorandum Opinion and Order* of November 3, 2011. [Doc. 187.] The Court further concluded Plaintiffs' conduct was not substantially justified and there are no circumstances that would make an award unjust. [Id.] Defendants are therefore entitled to a reasonable attorney fee as a sanction against Plaintiffs and as compensation for costs incurred as a result of the sanctionable conduct.

Plaintiffs' sanctionable conduct caused Defendants to incur the costs of participating in several conferences with Plaintiffs and with the Court, reviewing and evaluating Plaintiffs' three

noncompliant pretrial orders, drafting a motion to strike, and attending a show cause hearing. The amount Defendants request in the amended affidavit is $1,679.00. [Doc. 188.] Plaintiffs have not filed a response, nor have they objected to the amount.

## II.   LEGAL STANDARDS

To determine a reasonable attorney's fee, the court generally applies the "lodestar" method, *i.e.*, multiplies the hours expended by a reasonable hourly rate. *See Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998). "[T]he first step in calculating the lodestar is determining the number of hours reasonably spent by counsel for the party seeking fees." *Id.* at 1250. "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is required and how those hours were allotted to specific tasks." *Id.* With the billing records before it, the court must engage in a process of winnowing down the hours actually expended to arrive at the hours reasonably expended. *Id.* The court must examine the specific tasks to determine whether they are properly chargeable, and then evaluate the hours expended on each task to determine if they are reasonable. *Id.*

## III.   ANALYSIS

### A.   Attorney time

According to the affidavit, Mr. Hughes expended a total of 12.1 hours consisting of: (1) 1.0 hour in conference with Plaintiffs; (2) 2.9 hours preparing and revising the joint pretrial order in accordance with the Court's instructions; and (3) 8.2 hours preparing the motion to strike and reply. Ms. German expended 0.6 hours contributing to the motion to strike, for a total of 12.7 hours of attorney time. [Doc. 188.]

The Court concludes these hours are reasonable for the tasks. After Plaintiffs filed their first

noncompliant pretrial order, the Court ordered the parties to confer. [Doc. 158.] The 0.9 hours incurred for this conference and the 0.1 hours Mr. Hughes subsequently incurred conferring over the motion to strike is reasonable. The 2.9 hours Mr. Hughes spent revising the pretrial order in an attempt to capture the agreement purportedly reached during the conference also is reasonable. The Court notes that the proposed pretrial order Defendants prepared pursuant to the conference with Plaintiffs is substantially the same pretrial order the Court ultimately approved for filing when it granted Defendants' motion to strike. [Doc. 167.]

The 8.8 hours (8.2 + 0.6) of attorney time incurred in connection with the motion to strike is also reasonable. By adding new claims, failing to delete claims as agreed, and failing to include Defendants' input, Plaintiffs demonstrated they could not be counted upon to make corrections or adhere to the Court's instructions or the parties' agreements. Thus, although the motion and reply were not lengthy [Docs. 161, 164], wading through the various versions of Plaintiffs' pretrial order to determine what Plaintiffs may have added, omitted, or changed undoubtedly was a substantial and tedious undertaking.

Accordingly, the Court concludes the total of 12.7 hours of attorney time is reasonable and indeed modest given that it does not include time for the show cause hearing and the two status conferences with the Court which Plaintiffs' conduct necessitated.

**B.     Hourly rates**

The hourly rates Defendants submitted are: Mr. Hughes at $110/hour; Ms. German at $140/hour. [Doc. 188.] Defendants have not submitted evidence of prevailing market rates. The Court therefore must turn to other relevant factors. *Case*, 157 F.3d at 1257 (absent adequate evidence of prevailing rates, the court may in its discretion use other relevant factors, including its own knowledge).

The Court is familiar with the rates attorneys customarily charge in this District for comparable services. Furthermore, Defendants' counsel appeared before the Court several times, both in conferences and in motion practice, and the Court is thus also familiar with the level of skill and quality of the representation provided by Defendants' counsel in this case. Based on these factors, the Court finds the rates for Mr. Hughes and Ms. German reasonable.

### C.    Legal assistant and paralegal expenses

Defendants claim 4.8 hours of legal assistant and paralegal time at a rate of $55 per hour. The tasks performed by the assistant and paralegal consist of finalizing the motion and reply, preparing cover letters and email, preparing notice of completion, and transcribing. [Doc. 188.]

The Court concludes Defendants should be compensated for preparing the transcript of Mr. Hughes' June 30, 2011 telephone conference with Plaintiffs. The transcript was admitted as an exhibit at the show cause hearing and also attached to the Court's *Memorandum Opinion and Order*. [Doc. 187-1.]

Defendants claim 3.3 hours of assistant time was incurred for the transcription, at an hourly rate of $55, for a total of $181.50. The Court is not familiar with rates charged by paralegals and legal assistants and no evidence of reasonable rates has been presented. However, the Court concludes that $150.00 is a reasonable charge to produce a 12-page transcription of a conference lasting slightly less than one hour. The Court therefore will award Defendants $150.00 for this service. The Court declines to award fees for tasks such as finalizing motions, and preparing transmittal letters and email.

### D.    Calculation of sanction

Application of the lodestar method produces the following result:

| | | | | | |
|---|---|---|---|---|---|
| Mr. Hughes: | 12.1 hours | x | $110/hour | = | $1,331.00 |
| Ms. German: | 0.8 hours | x | $140/hour | = | $   84.00 |
| Transcription cost | | | | = | $  150.00 |
| TOTAL | | | | = | $1,565.00 |

The Court has rejected Plaintiffs' claim that a sanction would be unjust because of their poverty and concluded to the contrary that Plaintiffs have the wherewithal to pay a monetary sanction in some amount. [Doc. 187 at 9–11.] The Court stated it would "consider Plaintiffs' financial circumstances when it determines the amount of the award." [Id. at 11.]

The Court now concludes that rather than reduce the award to accommodate Plaintiffs' limited income, a more appropriate course is to require Plaintiffs to pay the full amount in monthly installments. After considering Plaintiffs' financial affidavit [Doc. 185], the Court finds they should be required to pay $100.00 per month until the amount of $1,565.00 is paid in full.

IT IS THEREFORE ORDERED that Plaintiffs shall pay Defendants, through their counsel, German & Associates, LLC, the amount of $100.00 per month, beginning January 1, 2012, until the amount of $1,565.00 is paid in full;

IT IS FURTHER ORDERED that Defendants' counsel shall credit or reimburse their clients as appropriate to the extent the clients incurred the fees.

*[signature]*
**DON J. SVET**
**United States Magistrate Judge**